By the Court :
This was a suit to quiet title; and the question arises upon the construction of an item in the will of Elias Ayers, deceased, which reads as follows:
*493 “Fifth: I give and devise unto my daughter, Marcella McLean, my home farm in Union township, Butler county, Ohio, containing about two hundred and eight acres of land; and also eighty-three acres of land in Liberty toAvnship, Butler county, Ohio, and on which she noAV lives, for and during her natural life time only, and at her death I give and devise said land to her children; and if she should die without children, then I give and devise the same to my grandchildren, Weller Ayers, David H. Ayres and Bertha J. Ayres absolutely — share and share alike.”
It is claimed by the plaintiff, a residuary legatee of Marcella McLean, the latter having died leaving a will, that she took a fee-simple in the 208-acre tract; on the other hand, it is claimed that the limitation, “for and during her natural life time only,” applies to the 208-acre tract as Avell as to the 83 acres. We think the latter is the proper construction. The words “and also” couples the two tracts together as one devise, so that both are affected by the same limitation of title; and there are no circumstances to indicate a contrary intention. This conforms not only to what seems to be the natural, but to the usual construction of devises, so coupled. The words are equivalent to “in like manner.” 2 Am. & Eng. Ency. L., 2d Ed., 177; Morgan v. Morgam, 41 N. J. Eq., 235.

Affirmed.